**EASTERN DISTRICT OF NEW YORK**
**UNITED STATYES DISTRICT COURT**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 06-cr-22 |
| V. | : | |
| PIETRO POLIZZI, a/k/a | : | |
| PETER POLIZZI. | : | |
| defendant. | | |

-------------------------------------------------------------------x

## MEMORANDUM OF LAW TO MODIFY BAIL CONDITIONS

**PRELIMINARY STATEMENT**

    Pietro Polizzi[1], the defendant in the above case was arrested and arraigned on this indictment on January 20, 2006. Bond was set by Magistrate Judge Go requiring among other things that the defendant's numerous properties would be used as collateral for his release. Mr. Polizzi was released on that date. The bond conditions were continued throughout except at one point the defendant sought a change in the mental health provider. This application was granted by the Court on January 8, 2007. On March 8, 2007, a superseding indictment was filed adding some new charges.

    A trial was conducted before Your Honor from September 24, 2007 to October 5, 2007. The defendant was convicted of all twenty-three counts that went to the jury. Immediately after the trial, Mr. Polizzi was remanded by the Court.

    Mr. Polizzi was sentenced on April 1, 2008, *inter alia,* to One Year and a Day on the Eleven Possession Counts that he was convicted. The Court granted Mr. Polizzi's motion for a new trial on the

---

[1] I shall use this spelling of Mr. Polizzi's name although there has been a variety of spellings. This spelling is the one used by the defendant.

Receipt Counts of the Superseding Indictment.

Both sides appealed.

On July 15, 2008, prior to Mr. Polizzi's release from prison, the defense wrote a letter wrote a letter to this Court seeking clarification of the bail conditions upon Mr. Polizzi's release. (Exhibit 1) A hearing was held before Your Honor where the Court set guidelines for the bond upon Mr. Polizzi's release and directed that a Magistrate Judge work out the details. A hearing was held before Magistrate Judge Go on August 15, 2008 setting the conditions of the bond. (Exhibit 2). The bond was similar to the original bond except adding a condition of electronic monitoring as perceived to be necessitated by the new legislation commonly referred to herein as the "Adam Walsh Amendment". Upon Mr. Polizzi's completion of his sentence, he was released from custody upon the conditions set by Magistrate Go.

On April 24, 2009, the Second Circuit, Court of Appeals vacated the April 9, 2008 order of this Court that granted a new trial and remanded this case with instructions to the district court to vacate all but one of the § 2252(a)(4)(B) convictions and for "further proceedings consistent with this opinion". <u>USA v. Pietro Polouizzi</u> (Docket No. 08-1830, 08-1887) p. 34. (referred to this Court as <u>Polouizzi</u>, II)

On April 30, 2009, this Court issued its thinking regarding the Court of Appeals action. (Polouizzi III) Prior to the issuance of a mandate by the Court of Appeals, this Court issued "an advice of counsel memorandum" indicating that it would be the Court's intention to grant a new trial on the Second Circuit reasoning on Over-indictment and its Resulting Prejudice to the defendant. After the issuance of the mandate was filed in the Second Circuit, this Court scheduled a conference for September 30, 2009. At that time, the Court ruled that Mr. Polizzi was entitled to a new trial pursuant to the April 24, 2009 opinion of the Second Circuit. (<u>Polouiizzi</u> IV)

The Government appealed this ruling filing its brief to the Second Circuit on December 29, 2009. The defense will file its brief prior to April 28, 2010 in accordance with the rules of the Second Circuit.

**STATEMENT OF THE CASE**

This Court filed an Order to Show Cause in this case on January 15, 2010 stating why "in view of this Court's decision to grant a new trial, as well as the pending appeal, the court has revisited defendant's conduct under current bail conditions. He regularly attends mental health counseling. He has worked and abides by strict conditions with electronic monitoring". The Court then found that "He (referring to Mr. Polizzi) presents no danger to the community or children. He presents no danger of fleeing. Electronic monitoring presents an unnecessary and costly requirement". (Exhibit 3)

On January 19, 2010 both parties appeared before the Court. The Government argued that the modification that the Court suggested in his Order to Show Cause is impermissible citing the paragraph under 18 USC § 3142(c) (1)(B) that "in any case that involves a minor victim under *(numerous section are enumerated here including 2252(a) the relevant section in this case)* any release shall contain, at a minimum, a condition of electronic monitoring". The defense argued that this provision can only be read in light of the rest of the section 18 USC § 3142(c)(1)(B) which requires that the Court in its discretion shall subject the defendant to the "least restrictive further conditions or combination of conditions". Moreover, the Court has the discretion (the statute says "may") to establish conditions that they deem appropriate and that the provision cited by the Government cannot statutorily or constitutionally impose a bail condition on the Court.

The Court asked that this matter be briefed.

3

**ISSUES PRESENTED**

    1.  TITLE 18 USC § 3142 CAN BE STATUTORILY CONSTRUCTED SO THAT THE ADAM WALSH MENDMENT UNDER SUBPARAGRAPH (c)(1)(B) CAN BE CONSTRUED AS NOT REQUIRING THIS COURT TO FIND THE CONDITION OF ELECTRONIC MONITORING AS MANDATORY.

    2.  IN THE EVENT THIS COURT BELIEVES THAT THE ADAM WALSH AMENDMENT WOULD REQUIRE THE COURT TO MANDATE ELECTRONIC MONITORING SUCH AN INTERPRETATION VIOLATES THE EIGHTH AMENDMENT, THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT AND THE SEPARATION OF POWERS OF THE UNITED STATES CONSTITUTION.

**ARGUMENT**

**POINT I**

    1.  TITLE 18 USC § 3142 CAN BE STATUTORILY CONSTRUCTED SO THAT THE ADAM WALSH AMENDMENT UNDER SUBPARAGRAPH (c)(1)(B) CAN BE CONSTRUED AS NOT REQUIRING THIS COURT TO FIND THE CONDITION OF ELECTRONIC MONITORING AS MANDATORY.

    Title 18 USC § 3142 provides a blueprint for judges to order release or detention of a defendant pending trial.  The fundamental principle of this section is to appreciate that the Eighth Amendment requires that bail not be "excessive" while still assuring that a potential defendant will appear in court as required and will not not endanger the safety of any other person or the community.  It is fundamental that bail should be subject to the "least restrictive condition or combination of conditions" 18 USC § 3142(c)((B) as possible.  The statute requires that the Court first determine whether a particular defendant can be released on personal recognizance or unsecured appearance bond pursuant to 18 USC § 3142(b), then, and only then, should the judicial officer determine whether conditions or a combination of conditions be required to assure the appearance of the person or to assure the safety

    This case has appeared before Your Honor for over four years.  A trial was held in the fall of

2007 where Mr. Polizzi discussed his background. Expert testimony discussed mental health issues and Mr. Polizzi's background and character. The Court learned and accepted Mr. Polizzi's testimony about his personal victimization in Sicily where he came from. This court in its January 15, 2009 made findings that Mr. Polizzi presents no danger to children or the community or a danger of flight. Since 18 USC § 3142 requires that the Court must impose the least restrictive conditions for release, the Court in its discretion could release Mr. Polizzi on a personal recognizance bond or an unsecured appearance bond pursuant to 18 USC § 3142(b). The Court's fact finding in this case that the defendant poses no risk to children or community or as a flight risk should therefore impose bail conditions pursuant to 18 USC § 3142 (b) and not the more restrictive conditions pursuant to 18 USC § 3142(c).[2]

Only if the Court finds its necessary must the judicial officer release a defendant under conditions or a serious of conditions under 18 USC § 3142(c).

In clear terms, the statute reads in (1) "*If* the judicial officer determines that the release described in subsection (b) of this section *will not* reasonably assure the appearance of the defendant of the person as required or will endanger the safety of any other person as required or will endanger the safety of any person or the community, such judicial officer shall order the pretrial release of the person (then listing particular conditions). (Emphasis added).

---

[2] It should be noted that the conditions set by Magistrate Go set on January 20, 2006 and then later on August 15, 2008 have had far reaching negative economic effects on Mr. Polizzi and his family. One of the bail conditions, for example, required Mr. Polizzi to execute an agreement to forfeit all of his real property as a condition of release pursuant to 18 USC § 3142(c)(1)(B )(xii). This condition has caused severe economic hardship. For example, Mr. Polizzi, was in the midst of construction on a new apartment complex nest to his home. He did not have the resources to complete the project without borrowing money. His assets are the properties he owns and he needed to use the homes as collateral which was unavailable. He is generally somewhat property rich but cash poor. The potential property collateral was encumbered as a result of the set bail conditions and prevented Mr. Polizzi from using the property to borrow money. Mr. Polizzi now has this apartment building lying in an unfinished state for several years. Moreover, Mr. Polizzi does not have the present resources to pay for legal counsel or for the costs of mounting an effective defense at a new trial. His prior appellate representation was done in large part by the law firm of Davis, Wright and Tremaine on a *pro bono* basis. They will not continue to represent him on the present appeal. I am uncertain whether without a modification of his bail conditions, Mr. Polizzi will have the necessary resources to pay for expert testimony at a new trial.

Therefore, the Court must first be satisfied that the conditions are necessary to ensure that the defendant appear in Court. Only then would the Court be required to establish "to the least restrictive further condition or combination of conditions that such judicial officer determines will reasonably assure the appearance of the person as required". Then, there are a serious of suggestive conditions that the Court *may* include. 18 USC § 3142(c)(1)(B). Obviously, the corollary of this section must also be true. If the judicial officer believes that there is not a need for conditions, that the least restrictive bail condition (clearly required by the Eighth Amendment as well as the blueprint provided by Congress in 18 USC § 3142), does not need such conditions, then the bail should be set under the provisions of 18 USC § 3142(b) not 18 USC § 3142(c).

The Government argues that the Court should ignore the clear Congressional intent, as well as the Constitutional requirement that bail not be excessive under the Eighth Amendment by simply reading the full paragraph under sub-paragraph (xiv) of 18 USC § 3142(c)(1)(B). The Government must also ignore 18 USC § 3142(j) which says in its entirety that "Nothing in this section shall be construed as modifying or limiting the presumption of innocence". The Government's blanket view that this paragraph of the Adam Walsh Act strips this Court of its traditional view of bail determination and makes electronic monitoring required irrespective of the individual characteristics of the defendant, makes no sense as either a matter of law or policy. Furthermore, it would violate, at the very least, the Eighth Amendment of the Constitution by stripping the Court of its time honored tradition of making individual bail decisions. Congress could not really mean within a Constitutional framework that its intent was to usurp the power of a court to make individual bail decisions.

The Government will be very hard put to find any case that supports their radical position. While many of the case, go directly to the Constitutional implication of the Government's position (all

6

finding that that interpretation is unconstitutional, see, POINT II of this brief), there are cases that deal with the statutory construction issue.

In United States v. Cossey, 637 F. Supp. 2D 881 (2009, Montana)  Judge Molloy artfully circumvented the potential Constitutional implications that arises in the Government's argument.  He first says that the a statute susceptible to more than one interpretation, one have "grave" constitutional implications, that the Court should try to avoid that interpretation, United States v. Jones,  citing, 526 U.S. 227, 239 (1999).  secondly, that a statute not be interpreted to render any part of it inoperative citing Colanta v. Franklin, 439 U.S. 379 (1979), and finally, where the construction of a statute would lead to a manifest contradiction of the apparent purpose of the statute, it is to be presumed that that some exception or qualification was intended by the legislature. citing Export Group v. Reef Industries, Inc, 54 F. 3d 1466 (9th Cir. 1995) . supra  at 888.   Judge Molloy then made reference to 18 USC § 3142(j), the presumption of innocence clause and says that the Government interpretation of the Adam Walsh Act would "eviscerate" subsection (j).  supra  at 889.   The Court said he did not need to do that and instead decided simply that  the case that he has the power without addressing the constitutional issues with the discretion to impose the conditions of bail.  supra  at 892.

The Government does convince a Magistrate Judge in California that the Excessive Bail Clause is not violated by adding electronic monitoring to a defendant already subjected to a curfew where she is subject to voice identification by telephone.  United States v. Gardner, 523 F. Supp. 2D 1025 at 1029 (2007, N.D. Cal.).  "That Court seems to make light of the liberty interest of having to wear a bracelet and finds it little different from the previous conditions ("the [electronic] monitoring, while slightly more intrusive, does not change the substantive restrictive on her liberty- she is to comply with the curfew irrespective irrespective of how it is monitored" supra  at 1030.   That Court simply ignores

7

the implications of the mandatory nature of the electronic monitoring condition by saying that there is no "liberty" interest, therefore no Eighth Amendment or Due Process issues. That argument is frankly hard to accept and does not appear to be an argument brought forward by the Government in this case. The Government here simply argue that the Adam Walsh Act trumps the rest of 18 U.S.C. 3142. Congress's previous historical intent to provide a blueprint to judicial officers in how to go about reaching discretionary bail decisions does not apply in certain types of cases.

What appears to be the first case to address the Adam Walsh Act shortly after its 2006 enactment and to address the issues as to its impact on discretionary bail decisions of judicial officers is United States v. Crowell, 2006 WL 3541736 (2006, W.D.N.Y)[3]. Magistrate Judge Foschio does briefly address the statutory construction argument raised by the defense. He cites the paragraph referenced under sub-paragraph (xiv) of 18 U.S.C. 3142(c)(1)(B) and says that the "plain language" of the statute is unequivocal and therefore the constitutional issues must be addressed. No effort is made, as was made by Judge Molloy in Cossey, to reconcile the Adam Walsh Act with the rest of 18 U.S.C. 3142.. Therefore, Magistrate Judge Foschio does reach the constitutional issues. As will be discussed under POINT II, the judge then strikes down the statute as unconstitutional under the Eighth Amendment, the Due Process Clause of the Fifth Amendment and the Separation of Powers clause under Article III of the Constitution.

---

3   The case is not cited in F. Supp. 2d

**2. IN THE EVENT THIS COURT BELIEVES THAT THE ADAM WALSH AMENDMENT WOULD REQUIRE THE COURT TO MANDATE ELECTRONIC MONITORING SUCH AN INTERPRETATION VIOLATES THE EIGHTH AMENDMENT, THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT AND THE SEPARATION OF POWERS OF THE UNITED STATES CONSTITUTION.**

In <u>Crowell</u>, <u>supra,</u> Magistrate Judge Foschio found that mandating any bail conditions violates the Eighth Amendment Excessive Bail Clause, the Fifth Amendment right to procedural due process and the separation of powers doctrine.   The analysis is begun by first discussing the seminal bail case <u>Stack v. Boyle</u>, 142 U.S. 1 (1951).  ("the right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty, the fixing of bail for any individual must be based upon standards relevant to the purpose of assuring the presence of that defendant, bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is 'excessive under the Eighth Amendment. ")( <u>Id.</u>  At 4,5)  <u>See</u>, <u>also</u>, <u>United States v. Montalvo-Murillo</u>, 495 U.S. 711 (1990).   <u>Crowell</u>, then concludes that a reading of the Government interpretation of the "Adam Walsh Amendment" that Congress meant to overrule the historical judicial function that the court has the sole discretion to determine appropriate bail and that an independent determination must be made within the context of the Eighth Amendment cannot stand.   <u>See</u>, 18 U.S.C. § 3142(f)(describing the function of a judicial officer to conduct a bail hearing)    The Court found that it alone has the authority to determine bail.  The Government has the right to seek detention by arguing that the  defendant is either a flight risk or a danger to the community.  If the Court finds that the Government  failed to convince the Court that a defendant poses a risk or danger, the Eighth Amendment would be violated if the Court imposed unneeded bail conditions that did not serve the function of bail.

The Court in Crowell, then says that the Bail Reform Act of 1966 primary purpose was to provide the judicial officer with "flexibility in setting conditions of relief appropriate to

the characteristics of independent defendants are ones which are worthy of support". S. Rep. No 98-225, 98th Cong. 1st Sess. 26(1983). The case cited by the Government United States v. Salerno, 481 U.S. 739 (1987) simply stands for the proposition that the Government has an opportunity to make its case before the Court as to why pretrial detention is necessary. Here, the Government can attempt to make a case why Mr. Polizzi should have bail.[4]

Finally, in Crowell, that Court further found that the Separation of Powers doctrine was also violated. The Supreme Court has guarded against the separation of powers doctrine by condemning any enactment that "impermissibly threatens the institution integrity of the Judicial Branch". *Citing,* Commodity Futures Trading Commission v. Schor, 478 U.S. 833 at 851. Crowell concludes that the "Adam Walsh Amendment" encroaches upon the judicial function reserved by Article III of the Constitution and the Court has the power to set bail conditions as it deems appropriate.

The Southern District of New York (Magistrate Judge Francis) has also addressed the issues presented in this case. United States v. Arzberger, 592 F. Supp. 2D 590 (2008). The reasoning of Magistrate Judge Francis is slightly different, maybe more nuanced, but he reaches the same conclusion as Magistrate Judge Foschio in Crowell that a mandatory bail condition cannot stand. In Arzberger, the Court found that an imposition of a curfew with electronic monitoring without providing the defendant with a hearing to contest whether the conditions are necessary violates the Due Process clause. Questions regarding whether it also violates the Excessive Bail Clause of the Eighth Amendment would require a hearing to determine the individual characteristics of the particular

---

4   This Court is, of course, very familiar with this defendant, his background and the circumstances of this case. This Court has written eloquently in Polizzi I and Polouizzi V that Mr. Polizzi poses no risk of flight or danger to the community. See, also, , Exhibit 3. Of course, the Government can try again to convince the Court that it is wrong.

10

defendant. <u>Arzberger</u> <u>supra</u> at 604,605.  Judge Francis finds that the Separation of Powers argument does not prevail since he argues that the judiciary in setting bail condition although the primary branch of government is not the exclusive branch.  <u>Arzberger</u> <u>supra</u> at 607.  <u>Arzberger</u> strikes down the "Adam Walsh Amendment" exclusively as unconstitutional on Due Process grounds, requiring a further hearing on the Excessive Bail Clause.

In my research, I was able to locate only one Circuit opinion.  <u>United States v. Kennedy</u>, 327 Fed. Appx. 706 (2009, C.A. 9,Wash.)  That opinion was not selected for publication.  Again the Ninth Circuit agreed with the lower court that most[5] of the mandatory conditions including electronic monitoring that the lower court may set in its "discretion" under the Adam Walsh Amendment only after conducting a hearing regarding its necessity to the individual defendant.  <u>Kennedy,</u> <u>supra</u> at 706. The lower court had previously found that the Adam Walsh Amendment violated the Excessive Bail Clause, the Due Process Clause and the separation of powers doctrine if conditions must be imposed without an individual determination being made.  <u>United States v. Kennedy</u>, 593 F. Supp. 2D 1221 (W.D. Wash., 2008)

No lower court case who discussed the constitutional issue supports the view that the Adam Walsh Amendment accepts the Government's position that the Adam Walsh Amendment meets constitutional standards.  In <u>United States v. Merritt</u>, 672 F. Supp. 2D 1074,  (D. Nebraska, 2009), the Court found that the Amendment violates the Due Process Clause.  It is undeniable that a defendant's "liberty" interest in the Due Process Clause is implicated by the electronic monitoring imposition discussed here. <u>See</u>, <u>also</u>, <u>United States v. Torres</u>, 592 F. Supp. 2D 591 (W.D. Tex. 2008).   This Court apparently appreciates that electronic monitoring implicates "liberty" interest.  At the January 19, 2010

---

[5] The conditions that the Court found were mandatory are 1) no contact with the victim or witnesses and 2) refrain from possessing a firearm.

11

hearing before Your Honor, the court described the electronic monitoring as "shackles". (January 19, 2010 hearing, p. 2)   Therefore, the one case discussed above which the Government might cite

supporting its position, that is <u>Gardner</u>, is a case where that Court found that no "liberty" interest in electronic monitoring circumstances.  Such a radical view does not seem a view that the Government would argue in this case or that this Court would accept.

      I am filing this memorandum well in advance of its due date which is February 17, 2010.  I am doing that because after a more careful review of 18 USC § 3142 ,it is my belief that the present bail conditions (<u>See,</u> Exhibit 2) are "excessive" and are not the "least restrictive conditions" necessary to fulfill the Congressional blueprint for constitutionally imposed bail, that is, to protect the community and to assure this defendant's appearance in Court.  It is my view that the imposition of bail under 18 USC § 3142(b) would be sufficient.   Therefore, I am seeking that this Court reconsider all the bail conditions in light of Title 18 USC § 3142.

**CONCLUSION**

This Court certainly has the discretion to determine whether there is a need for electronic monitoring as a necessary bail condition. It is my view that there is no need for such a condition. There is also no need for many other bail conditions that have been imposed in this case. Based on the extensive litigation that has occurred in this case, as well the purposes of bail and how they apply to this defendant in this case, the bail conditions shall be drastically modified. It is my view that a personal recognizance bond or an unsecured bond would be sufficient to ensure Mr. Polizzi's appearance pursuant to 18 USC § 3142(b) since he is neither a flight risk nor a danger to the community.

        Respectfully submitted,

        /s/ *Mitchell Dinnerstein*

        Mitchell Dinnerstein, Esq.
        350 Broadway
        Suite 700
        New York, New York 10013
        212-925-0793
        *Attorney for Mr. Polizzi*

UNITED STATES DISTRICT COURT
EASTERN DIISTRICT OF NEW YORK
ATTN.: Hon. Judge Jack Weinstein
225 Cadman Plaza East
Brooklyn, New York 11201

BENTON J. CAMPBELL, ESQ.
United States Attorney
271 Cadman Plaza East

Brooklyn, New York 11201
ALLEN BODE, AUSA