# EXHIBIT A

Case 1:06-cr-00022-JBW   Document 224-2   Filed 01/09/15   Page 2 of 6 PageID #: 1745

# MITCHELL DINNERSTEIN

Attorney at Law

350 Broadway-Suite 700

New York, New York 10013

212.925.0793

docket50@aol.com

July 15, 2008

Honorable Jack B. Weinstein
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:     United States v. Pietro Polizzi, No. 06-cr-0022**
**        Motion for Release Pending Appeal**

Dear Judge Weinstein:

Pietro Polizzi, through undersigned counsel, hereby moves for release pending appeal pursuant to 18 U.S.C. § 3143(c). As of August 17, 2008, Mr. Polizzi will have served the entire period of incarceration ordered by this Court for possession of child pornography under 18 U.S.C. § 2252(a)(4)(b) and (b)(2). He should be allowed to return to his family on that date.[1]

---

[1] Undersigned counsel understands that the government intends to seek detention in the Second Circuit on the ground that the final sentence of this Court's Memorandum, Order & Judgment, 4/1/2008, Docket # 142 ("April 1, 2008 Order"), constitutes an appealable ruling denying detention pending appeal under Section 3143(c). I do not believe that this is an accurate reading of this Court's intentions. The final paragraph of the April 1, 2008 Order is not sufficiently definite to create an appealable order, and in any case, Section 3143(c) refers to cases "in which an appeal *has been taken* by the United States," 18 U.S.C. § 3143(c) (emphasis added). Because the government did not file a notice of appeal until April 21, 2008, this Court could not have made a ruling under Section 3143(c) on April 1, 2008. Even if the April 1, 2008 Order did constitute an appealable denial of bail, the Court of Appeals would lack jurisdiction because the jurisdictional window for an appeal expired long ago. Under 18 U.S.C. § 3731, "[a]n appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release," but "[t]he appeal in all such cases *shall be taken within thirty days* after the decision, judgment or order has been rendered ..." 18 U.S.C. § 3731 (emphasis added). Consistent with the Second Circuit's holding in *United States v. Hochevar*, 214 F.3d 342, 344 (2d Cir. 2000), and Federal Rule of Appellate Procedure 9, undersigned counsel requests this Court to rule on release pending appeal in the first instance.

Page 2

USA v. Pietro Polizzi

While the government has appealed this Court's grant of a new trial on the charges of receipt of child pornography under 18 U.S.C. § 2252(a)(2) and (b)(1) and the sentence imposed for possession of child pornography under 18 U.S.C. § 2252(a)(4)(b) and (b)(2), Mr. Polizzi should not remain in prison based on the mere possibility that the Second Circuit will reverse the grant of a new trial or require a longer sentence. As this Court stated, "the community will be better served if Mr. Polizzi improves with psychiatric care rather than be destroyed by prison."[2] If Mr. Polizzi is detained in jail pending appeal and the Second Circuit ultimately affirms this Court's ruling, he will never regain the period of his life needlessly spent in prison.[3] Mr. Polizzi, exceptionally devoted to his family and his community, poses neither a danger to others nor a flight risk. He should be permitted to return home during the government's appeal.

Under 18 U.S.C. § 3143(c), Mr. Polizzi's release or detention pending the government's appeal is subject to the standards for pretrial release under 18 U.S.C. § 3142. Section 3142, in turn, requires this Court to release Mr. Polizzi unless it finds that "no combination of conditions will reasonably assure the appearance of [Mr. Polizzi] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must consider (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence" against Mr. Polizzi, (3) the "history and characteristics of [Mr. Polizzi]" including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history and record concerning appearance at court proceedings" and whether Mr. Polizzi had any pending charges or sentences, and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Mr. Polizzi's] release." *Id.* § 3142(g).

While Section 3142(e) creates a presumption that no combination of conditions will assure Mr. Polizzi's appearance and the safety of the community, the presumption is "[s]ubject to rebuttal" by Mr. Polizzi. *Id.* Even where the rebuttable presumption applies, it is "correct to place the burden of persuasion on the government," and the government must demonstrate dangerousness by *clear and convincing evidence* by introducing "the evidence to support such a conclusion with a high degree of certainty." *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985) (emphasis added); *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir 2001) ("Even in a presumption case, the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community."); *United States*

---

[2] April 1, 2008 Order" at 234.

[3] Pursuant to the Second Circuit's current briefing order and Federal Rule of Appellate Procedure 28.1(f), the briefing schedule will not conclude until October 16, 2008. Oral argument and decision will likely require several additional months.

Page 3

USA v. Pietro Polizzi

v. *Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). The government also bears the burden of persuasion that Mr. Polizzi presents a flight risk and must establish by a preponderance of evidence that Mr. Polizzi "presents an actual risk of flight" and that "no condition or combination of conditions could be imposed on [Mr. Polizzi] that would reasonably assure his presence in court." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007); *Rodriguez*, 950 F.3d at 88.

The circumstances of this case squarely rebut any presumption in favor of detention, and the government can neither prove by a preponderance of the evidence that Mr. Polizzi is a flight risk nor can it prove by clear and convincing evidence that he is a danger to the community. - Indeed, this Court has already found that Mr. Polizzi is neither a flight risk nor a danger to the community in considering release pending sentencing. 10/4/07, Tr. at 1462.[4]

Mr. Polizzi "ha[s] a loving wife and five supportive lawfully engaged sons; lived in a fine home; was well respected in the community by the police, clergy and others; had no criminal record; viewed the charged pornography downloaded from the Internet alone in a double-locked room above his garage; and, upon his arrest, cooperated fully with the police, suggesting to them that whoever participated in producing those dreadful images should be prosecuted." April 1, 2008 Order at 6. All five of Mr. Polizzi's children are adults, and three of them continue to live with Mr. Polizzi's wife in the home to which Mr. Polizzi will return when he is released. Mr. Polizzi has no history of violent or dishonest conduct and has never produced or trafficked in child pornography. *See id.* at 14 ("There is no evidence that the defendant ever committed another crime. Polizzi never sent any photos to anyone nor did he enter teenage chat rooms or attempt online solicitation. Beyond his present convictions for receipt and possession of child pornography, no allegations of production or distribution of such images nor of any other improper conduct by the defendant have ever been made.") (citations omitted); 4/1/2008 Tr. at 32 (stating, with regard to sentencing, "[i]t is not necessary to protect the pubic from further crimes of the defendant which it is highly unlikely that he will commit any further crimes").

Mr. Polizzi has led an exemplary life with strong ties to his family and community. He "was brought to this country when he was a young teenager after a childhood in Sicilian poverty; had little formal education, yet, after teaching himself to play an instrument, led a popular local band; worked extremely long hours at menial labor as a boy, and then bought and built up a successful restaurant ...." April 1, 2008 Order at 6. "A religious man, he attended church

---

[4] At the time, the jury's guilty verdict required detention pending sentencing despite these findings. *See* 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(A), 3156(a)(4). In contrast to detention pending sentencing, detention pending appeal by the government is not mandatory.

Page 4

USA v. Pietro Polizzi

regularly." *Id.* at 12.  He has lived in the United States for over forty years and has owned his restaurant for over thirty years.  9/2/8/07, Tr. at 911.  The numerous letters Mr. Polizzi's family members, friends, tenants, and employees sent to this Court in connection with Mr. Polizzi's sentencing demonstrate that he was an anchor for both his family and his community.  Mr. Polizzi managed to lead such a life despite suffering unspeakable sexual abuse as a child, which resulted in post-traumatic stress disorder and obsessive compulsive disorder.  *See* April 1, 2008 Order at 28  (stating that Mr. Polizzi "credibly testified without contradiction and in detail to the severe sexual abuse he had suffered in Sicily as a child").

While on pretrial release, Mr. Polizzi appeared in Court whenever required, Tr. at 1459, and he did not seek to flee or commit any crime during the two months between the search of his house and his arrest.  He has no history of drug or alcohol abuse.  He is currently being held in a minimum security prison where he is teaching Italian to other inmates.

Even if Mr. Polizzi did pose any danger to the community or risk of flight, the conditions of his supervised release would fully address such concerns.  *See Sabhnani,* 493 F.3d at 75 (stating that even if the government does demonstrate a flight risk, it must then "demonstrate by a preponderance of evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court").  This Court has already ordered supervised release for ten years after Mr. Polizzi's incarceration.[5]  Among other conditions, Mr. Polizzi must not leave this judicial district without permission; must not possess any firearm or ammunition; must report to a probation officer and complete a written report each month; must provide notification of any change in residence or employment; must permit probation officers to visit his home; must receive psychiatric treatment; must submit to searches of his residence, business, and vehicle; and must agree to polygraph tests.  *Id.* at 4-5.  Mr. Polizzi must also register as a sex offender.  *Id.* at 5.  He has already surrendered his passport[6].

_____

[5] Judgment in a Criminal Case, 4/9/2008, Docket # 146 ("Judgment"), at 4.

[6] As a result of amendments contained in the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 203, 120 Stat. 587, 613 (2006), Section 3142( c) requires electronic monitoring and other specified conditions of release where a defendant is charged with a crime under Section 2252(a)(2) - but only if the Court first determines under Section 3142(b) that release on personal recognizance or unsecured appearance bond will not assure the defendant's appearance or will endanger the safety of the community.  *United States v. Vujnovich,* No. 0720126, 2008 WL 687203 at *2 n.3 (D. Kan. Mar. 1, 2008)("Electronic monitoring is not required in every case involving a minor victim under 18 U.S.C. § 2252(a)(2) - it is only required when the judicial officer determines that release on personal recognizance or bond is insufficient.", review denied, 2008 WL 687203 D. Kan. Mar. 11, 2008) *United States v. Crowell,* No. 06-M-1095, 2006 WL 3541736, at *4 (W.D.N.Y Dec. 7, 2006).  Release on personal recognizance or unsecured bond is sufficient in this case, rendering the conditions of

Page 5

USA v. Pietro Polizzi

        These conditions eliminate any conceivable flight risk. However, should additional conditions be imposed, they should follow the terms of Mr. Polizzi's pretrial release – after all, Section 3143(c) states that release or detention pending appeal by the government is subject to Section 3142, which applies to pretrial release or detention.   18 U.S.C. § 3142 & 3143(c). Because Mr. Polizzi met the standard for pretrial release, there is no reason to imprison him now under the same standard, particularly since Mr. Polizzi's conduct in following the law and not seeking to flee during pretrial release only confirms that detention is not necessary.  The primary condition of Mr. Polizzi's pretrial release was a bond signed by Mr. Polizzi and family members.[7]  If deemed necessary by the Court, renewal of such a bond would eliminate any risk of flight.


        Mr. Polizzi poses no danger or risk of flight and should not be deprived of his liberty based on the mere possibility of reversal on appeal.  When Mr. Polizzi completes his current sentence on August 17, he should be allowed to return home.


                                        Respectfully submitted,

                                        Mitchell Dinnerstein


                                        _____

                                        Mitchell Dinnerstein
                                        350 Broadway
                                         Suite 700
                                        New York, NY 10013
                                        (212) 925-0793
                                        docket50@aol.com

cc:     AUSA Peter Norling
        AUSA Allen Bode
        AUSA Andrea Goldbarg


_____

the Adam Walsh Act inapplicable even under the terms of the statute itself.  Even where release on personal recognizance or unsecured bond is not sufficient, such that the Adam Walsh Act purports to impose mandatory conditions, courts have held that automatic imposition of such conditions violate the Eighth Amendment's Excessive Bail Clause, the Due Process Clause, and the Separation of Powers, *Crowell*, 2006 WL 3541736 at * 5-*11; *Vujnovich*, 2008 WL 687203, at *2-*3.


[7] *See* Order Setting Conditions of Release and Bond, 4/4/07, Docket # 43; 10/4/07 Tr. 1462, 1469, 1471 (stating, for purposes of release pending sentencing, that the Court could set conditions of release sufficient to eliminate any risk of flight or danger to the community).