**MANDATE**

United States v. Polouizzi
09-4594-cr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand ten.

Present:
    ROGER J. MINER,
    PIERRE N. LEVAL,
    RICHARD C. WESLEY,
        *Circuit Judges*.

FILED SEP 22 2010
Catherine O'Hagan Wolfe, Clerk
UNITED STATES COURT OF APPEALS SECOND CIRCUIT

UNITED STATES OF AMERICA,

    *Appellant*,

    v.                                                     09-4594-cr

PIETRO POLOUIZZI, also known as PETER POLOUICCI,
also known as PETER PIETRO-POLOUICCI, also known
as PETER POLIZZI,

    *Defendant-Appellee*.

MANDATE ISSUED ON 11/22/2010

| | | |
|---|---|---|
| For Appellant: | | PETER A. NORLING, Assistant United States Attorney (Allen L. Bode, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York |
| For Defendant-Appellee: | | PETER GOLDBERGER (Pamela A. Wilk, *on the brief*) Ardmore, Pennsylvania. Mitchell J. Dinnerstein, of counsel, New York, New York. |

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the order of the district court granting a new trial be **VACATED** and the matter **REMANDED** to the district court for further proceedings consistent with this order.

The government appeals from the district court's order vacating the judgment of conviction entered against defendant-appellee Pietro Polouizzi on the possession counts under 18 U.S.C. § 2252(a)(4)(B), and ordering new trial on both the possession counts and the receipt counts. In the prior appeal, we ruled that possession of multiple images of child pornography at the same time and place may not properly be charged as multiple counts – as opposed to a single count of illegal possession – and similarly that receipt of multiple images of child pornography in a single transaction may not be charged as multiple violations of 18 U.S.C. § 2252(a)(2). *United States v. Polouizzi*, 564 F.3d 142 (2d Cir. 2009). The government contends that it was not within the lawful exercise of the district court's discretion to vacate the jury's findings of guilt and order new trial solely because of our ruling that the original charge was multiplicitous and could not justify multiple convictions. We agree, especially in view of the fact that the evidence on the

retrial anticipated by the district court would have been "essentially the same" as the evidence in the previous trial. *United States v. Polouizzi*, 687 F. Supp.2d 133, 159 (E.D.N.Y. 2010). There is no reasonable basis in these circumstances to conclude that the presentation of the same evidence in the context of the more numerous counts adversely affected the jury's appraisal of the defense of insanity. Courts must exercise their authority under Rule 33 to set aside a jury verdict and grant a new trial "sparingly and in the most extraordinary circumstances." *United States v. Cote*, 544 F.3d 88, 101 (2d Cir. 2008) (internal quotation marks omitted).

*United States v. Ketchum*, 320 F.2d 3 (2d Cir. 1963), is not to the contrary. The question considered in that case was whether an election among multiplicitous counts might be required in an appropriate case "either before or after the close of the evidence." *Id.* at 8. The opinion made no suggestion that multiplicity, raised by the defendant for the first time on appeal after conviction, might justify a grant of a new trial.

The order of retrial is reversed. We remand for reinstatement of the jury's verdict on no more than four counts of receipt in violation of 18 U.S.C. § 2252(a)(2) – one for each date on which the defendant received images – and on one count of possession in violation of 18 U.S.C. § 2252(a)(4)(B), all in accordance with our prior ruling, and for imposition of sentence. The government's application for a writ of mandamus prohibiting the district court from instructing the jury concerning the mandatory minimum sentence for violations of 18 U.S.C. § 2252(a)(2) is moot in light of the fact that there will be no retrial. In the event of a subsequent appeal, the matter will be assigned to this panel.

**VACATED AND REMANDED.**

1
2
3
4

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK



A True Copy

Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit