

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

_____

ALB
F.#2006R00012

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

January 8, 2011

The Honorable Jack B. Weinstein
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. PIETRO POLOUIZZI
           Criminal No. 06-0022 (S-1)(JBW)

Dear Judge Weinstein:

      The government writes in response to the defendant's argument set forth in his Second Memorandum of Law filed January 4, 2011, that the parsimony clause of 18 U.S.C. § 3553(a) renders the minimum five-year term required by 18 U.S.C. § 2252 non-mandatory. This argument was previously rejected by the Court and, in any event, is wrong.

      A.   <u>The Court Previously Rejected this Argument</u>

      By memorandum filed February 18, 2008, Polouizzi argued

      The core legal question is whether anything in 18 U.S.C. §2252A [sic] renders 18 U.S.C. § 3553(a) inapplicable. Proper statutory analysis and interpretation show that the answer to that question is no. If there is any question, however, the rule of lenity requires that the district court be given the opportunity to impose a sentence which was "sufficient, but not greater than necessary" to fulfill the sentencing objectives [of] 18 U.S.C. § 3553(a)(2).

Docket Entry #127, p. 39.

      In response the government argued:

      The defendant's argument regarding the Rule of Lenity is based upon a misreading of the statutes and is easily resolved. The defendant argues that Section 3553(a) requires

a sentence of probation and therefore it is ambiguous whether the mandatory minimum in Section 2252[] applies. (Def. Memo. – 2/18/2008 at p. 39). While the defendant cited to Section 3553(a)(1) and (2), he failed to read Section 3553(a)(3).

Section 3553(a)(3) requires the sentencing court to consider "the kinds of sentences available." As such, in formulating a sentence pursuant to Section 3553(a) the sentencing court is limited to available sentences. See United States v. Hankerson, 496 F.3d 303, 308-09 (3d Cir. 2007), cert. denied, 128 S.Ct. 1100, (Jan 14, 2008), ("In terms of the 'kinds of sentences available,' we first note that there is a mandatory five years' imprisonment for a violation of 21 U.S.C. § 841(b)(1)(B), constraining the District Court's discretion."). Moreover, the defendant fails to note that a sentence of probation is prohibited by Title 18, United States Code, Section 3561(a)(2). See Mueller, 463 F.3d at 889-92.

As there is no ambiguity, there can be no application of the Rule of Lenity.

Docket Entry #134, p. 17-18 (footnote omitted).

Thereafter, the Court ruled:

But the lenity doctrine-at least in its traditional application of choosing the lesser of two ambiguous penalties-does not apply here. The five-year mandatory minimum term of imprisonment for receiving child pornography and the ten-year maximum for possession are clear. But see Part III.A, supra (noting the statute's ambiguity regarding the required mens rea).

Neither does 18 U.S.C. § 2252 nor any other mandatory minimum provisions contain an implicit reasonableness limitation, which other courts have used in applying the principle of lenity. See Zadvydas v. Davis, 533 U.S. 678, 682, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) ("Based on our conclusion that indefinite detention of aliens in the former

category would raise serious constitutional concerns, we construe the statute to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review."). Although it might be better policy if mandatory minimums were "presumptively reasonable" but rebuttable, id. at 701, 121 S.Ct. 2491, Congress has exercised its constitutional power not to choose that route.

The rule of lenity does not stand between Polizzi and conviction. In the area of child sex offenses, Congress's design appears to run counter to the principle Congress has expressed elsewhere that sentences should be no harsher than necessary to accomplish goals such as general deterrence.   Compare 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary") with § 3553(b)(2) (in child crimes and sexual offenses, "the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless ...," omitting "sufficient, but not greater than necessary" language of subdivision (a)).   But see United States v. Selioutsky, 409 F.3d 114, 117 (2d Cir. 2005) ("[T]he Booker rationale requires us to consider subsection 3553(b)(2) to be excised.").   While Selioutsky may have accomplished death by excision of 18 U.S.C. § 3553(b)(2), its ghost whispers from the grave Congress's special desire for heavy penalties in sexual offenses against children. Like Hamlet, we ignore the spectral reminder of congressional concern for children at our peril.

United States v. Polizzi, 549 F.Supp.2d 308, 378 (E.D.N.Y. 2008).

B.   The Defendant's Argument Is Wrong

Polouizzi's contention that the mandatory minimum sentence in Section 2252(b) conflicts with the requirement in 18 U.S.C. § 3553(a) that district courts consider a variety of factors to fashion a sentence that is no greater than necessary to achieve the goals of sentencing. This claim fails at the outset, however, because the plain language and structure of the sentencing statutes make clear that Section 3553(a) does not give a district court authority to depart below a statutory mandatory minimum sentence.

3

The sentencing chapter begins by instructing courts that, "[e]xcept as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced . . . so as to achieve the purposes" set out in Section 3553(a).   18 U.S.C. § 3551(a).   Congress therefore recognized that the Section 3553(a) factors would not supersede other specific statutory sentencing directives, including mandatory minimum sentences dictated by other criminal statutes.  See United States v. Samas, 561 F.3d 108, 111 (2d Cir. 2009); United States v. Kellum, 356 F.3d 285, 289 (3d Cir. 2004); see also United States v. Franklin, 499 F.3d 578, 585 (6th Cir. 2007) (mandatory minimum sentences "fit within the „except as otherwise specifically provided. exclusion of ' 3551(a)") (quoting Kellum); id. at 588 n.1 (Moore, J., concurring in the judgment) (Section 3551(a) recognizes that sentences on counts that carry mandatory minimums "do not require consideration of the sentencing purposes set forth in § 3553(a)").

Polouizzi attempts to distinguish Samas and avoid the obvious import of Section 3551(a), through a gerrymandered reading of the statutes.  Polouizzi argues that despite the clear language of Section 3551(a) which states "[e]xcept as otherwise specifically provided," that for a mandatory minimum to survive, it must also specifically provide that Section 3553(a) does not apply.  This argument is without basis in caselaw and ignores principles of statutory construction.

"Statutory construction begins with the plain text and, if that text is unambiguous, it usually ends there as well." United States v. Gayle, 342 F.3d 89, 92 (2d Cir. 2003); see Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 254, (1992) ("When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'") (quoting Rubin v. United States, 449 U.S. 424, 430 (1981)).

In reaching its decision in Samas, the Court of Appeals closely examined the pertinent language of both the Sentencing Reform Act, 18 U.S.C. § 3551 et seq., and the Controlled Substances Act, 21 U.S.C. § 801 et seq.:

> The wording of § 3553(a) is not inconsistent with a sentencing floor. The introductory language of the federal sentencing scheme is qualified: "[e]xcept as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of

section 3553(a)(2) . . . ." 18 U.S.C. §
3551(a) (emphasis added). In this case, §
841(b)(1)(A) specifically provides for a
mandatory minimum sentence . . . .

561 F.3d. at 111(second emphasis added). Polouizzi's suggestion
that Section 2252(b) does not "specifically provide" that Section
3553(a) is inapplicable misconstrues the inquiry. The proper
inquiry is whether Section 2252(b) specifically provides a penalty
applicable to violations of Section 2252(a)(4)(B). This Court in
Samas answered that question. Thus, the generally applicable
parsimony clause of § 3553(a) yields to the specific penalty
provisions of Section 2252(b). 18 U.S.C. § 3553(a)(3); Cf. Corley
v. United States, 129 S. Ct. 1558, 1568 (2009) ("[A] more specific
statute will be given precedence over a more general one . . . .")
(quotation marks omitted); United States v. Torres-Echavarria, 129
F.3d 692, 693 n.3 (2d Cir. 1997) ("[A] principle of statutory
construction is that a specific provision takes precedence over a
more general provision.").

Polouizzi's construction of Section 3553(a) is
problematic because it would also render Section 3553(e)
(substantial assistance) of Title 18 mere surplusage. See Samas,
561 F.3d at 111. Such an interpretation "would contravene the
elementary canon of construction that a statute should be
interpreted so as not to render one part inoperative.'" Department
of Revenue of Oregon v. ACF Industries, Inc., 510 U.S. 332, 340-41
(1994) (citations omitted). This provision represents the
exclusive bases for sentencing a defendant to a term below an
otherwise applicable mandatory minimum in a non-drug case. See
Samas, 561 F.3d at 111.

In conclusion, United States v. Samas controls. Samas stands
for the proposition that mandatory minimum sentencing provisions
such as Section 2252(b) take precedence over the parsimony clause
of 18 U.S.C. § 3553(a) and require imposition of at least the
applicable mandatory minimum penalty prescribed by Congress.
Accordingly, the Court would commit legal error were it to sentence
Polouizzi to less than the mandatory minimum 60-month term. See
Samas, 561 F.3d at 111; see also United States v. Penney, 576 F.3d
297, 317 (6th Cir. 2009); United States v. Castaing-Sosa, 530 F.3d
1358, 1361 (11th Cir. 2008); United States v. Duncan, 479 F.3d 924,
930 (7th Cir. 2007); United States v. Williams, 474 F.3d 1130,
1131-32 (8th Cir. 2007).

> C.   To the Extent That This Argument Is Novel, It
>      Is Forfeited Pursuant to the Mandate Rule

Finally, to the extent that this claim was not rejected
by the Court's April 2008 ruling, Polouizzi's failure to raise the

claim before or during the first and second appeals bars its consideration upon remand. In <u>United States v. Quintieri</u>, 306 F.3d 1217, 1229 (2d Cir. 2002), the Court of Appeals noted "'where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone,' it is considered waived and the law of the case doctrine bars the district court on remand and an appellate court in a subsequent appeal from reopening such issues 'unless the mandate can reasonably be understood as permitting it to do so,'" (quoting <u>Ben Zvi</u>, 242 F.3d at 95). The <u>Quintieri</u> Court points out, "[A]n issue is not considered waived . . . if a party did not, at the time of the purported waiver, have both an opportunity and an incentive to raise it before the sentencing court or on appeal." <u>Id</u>. at 1229, citing <u>United States v. Ticchiarelli</u>, 171 F.3d 24, 32-33 (1st Cir. 1999). Here, Polouizzi had the same opportunity and incentive to raise this claim after trial and after the initial remand as he has now.

<u>Conclusion</u>

The government respectfully requests that the Court sentence the defendant to at least the statutorily mandated minimum sentence of five years.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____
Allen L. Bode
Assistant U.S. Attorney
(631)715-7828

cc: Mitchell Dinnerstein, Esq. (via ECF)